## BERRY VS. DIAMOND EX.

Action of debt upon promissory notes: Pleas, 1st, that the notes were given for the hire of slaves, who, after being delivered to the defendant, ran off before the expiration of the term of hiring, and were harbored by the plaintiff, who refused to redeliver them on demand; and 2d, partial failure of consideration: *Held*, that where parties enter into a contract by which the services to be performed and the consideration to be paid for them are made certain and fixed, such contract cannot be apportioned, and if the party fails to perform the services, he is not entitled to recover any thing *on the contract*: But the defendant, in such case, may stand upon the contract, and recoup his damages for the breach of it on the part of the plaintiff, under the plea of partial failure of consideration.

*Appeal from the Circuit Court of Phillips County.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

WATKINS & GALLAGHER for the appellant.

The plea set forth an entire contract and a violation, abandonment, and rescision of it on the part of the plaintiff, without just cause, and against the will of defendant. Under such

circumstances, the plaintiff cannot recover on the contract.    4 *Camp.* 375; 1 *Stark.* 358.

Cummins & Garland for the appellee.

Mr. Justice Scott delivered the opinion of the Court.

This is an action of debt.    There is but one count in the declaration, and that is upon two sealed promissory notes, which, together, are for the aggregate of the debt demanded. The defendant below, by special plea, put in defence the breach of the contract out of which the notes grew, for the purpose of preventing any recovery upon these notes.    The plaintiff below demurred to this plea, which the Court sustaining, the defendant excepted; and subsequently, after a trial upon another issue, and judgment against him, appealed to this Court.

This special plea, which was duly verified by affidavit, set up that the two notes in question were given for the hire of two certain negro slaves, for the year 1854.    That after the hiring and the execution of the notes, and the delivery of the negroes under the contract, that they ran off and went to the residence of appellee, who, before delivering them to the appellant, who sent for them, told the negroes, that if the appellant, Berry, should hit them a lick, to come home again.    That afterwards, about the first of July, 1854, the negroes again ran off, and went to the residence of the appellee, who kept and harbored them, and when the appellant, Berry, again sent after them, refused to deliver them up, whereby Berry was deprived of the services of the two negroes the residue of the year.

It is to be observed that the plaintiff below proceeds upon the contract as originally made, and not on a *quantum meruit*. We are not to be understood, however, as intimating any opinion as to his right to a recovery in that view.    No question of that sort is before us on this record.    But we make the remark that the grounds of our judgment may the more distinctly appear.

It clearly appears from the plea, admitted to be true by the

demurrer, that the consideration for these notes, was the services of these slaves for the year 1854. And the rule of law applicable to such a state of facts, is, that when parties enter into a contract, by which the services to be performed, and the consideration to be paid for them, are made certain and fixed, such a contract cannot be apportioned, but is entire. Thus, if A. and B. agree together, that A shall enter into the service of B., and continue for one year, and that B. shall pay him therefor the sum of one hundred dollars; and A. enters the service accordingly, and continues half the year and then leaves, he will not be entitled to recover anything *on the contract*.

" This," remarks Doctor PARSONS, in his work on contracts, (2 *Parsons on Contracts, sec. 5, p.* 33,) " is an old and deep-rooted principle of the common law, and though it sometimes has the appearance of harshness, it would be difficult to contend against it upon principle. We have frequently had occasion to state that Courts of justice can only carry into effect such contracts as parties have made. They cannot make contracts for them, or alter or vary those made by them. And it would seem difficult for a Court, without traveling out of its true sphere, to say that because B. had agreed to pay A. $100 for one year's services, he has therefore agreed to pay at that rate, or any particular sum, for a shorter period. In other words, it cannot reasonably be presumed that the parties intended that the amount of consideration to be paid by B. should depend upon the amount of services rendered by A. when both of these were definitively fixed by the parties. The only agreement entered into by B. was to pay A. the sum of $100, when the latter should have served him one year. Therefore until the full year's services had been rendered, the *casus fœderis* does not arise. It is to be borne in mind, however, that it is only a rule of construction, founded upon the intention of the parties, and not a rule of law, which controls intention. Therefore, if the parties wish to make a contract which shall be apportionable, there is nothing to hinder their doing so, provided they make their intention sufficiently manifest."

The ruling of the Court upon the demurrer to the second special plea, to wit, that of partial failure of consideration, was also clearly erroneous, because the defendant had a perfect right to stand upon the contract declared upon, and recoup his damages for the breach of it on the part of the plaintiff, if he thought proper to do so, rather than set up its breach, in answer to the plaintiff's whole action, as he did in his first plea.

No point of law was saved touching the trial of the cause upon the issue formed upon the plea of payment.

The judgment will be reversed, and the cause remanded with instructions to the Court below, to overrule the demurrers, and allow the plaintiff below to reply, and to permit both parties to amend their pleadings, if they desire to do so.

Absent Mr. Justice HANLY.